IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHERROD DAVIS, # 102691**                                          **PETITIONER**

**vs.**                                          **CIVIL ACTION NO.: 4:11CV140-MPM-JMV**

**STATE OF MISSISSIPPI**                                          **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the pro se federal habeas petition of Sherrod Davis, Mississippi prisoner # 102691, and Respondent's motion to dismiss the petition based upon Petitioner's failure to exhaust his claims in State court. Petitioner filed for federal habeas relief pursuant to 28 U.S.C. § 2254 attacking the sufficiency of evidence against him at trial, the performance of his trial counsel, and a witness statement at his trial. For the following reasons, the Court finds that Respondent's motion should be granted and the instant petition dismissed without prejudice.

**Facts and Procedural History**

On February 24, 2004, Petitioner was convicted of a 2000 rape and burglary in the Circuit Court of Humphreys County, Mississippi. He was sentenced to serve a term of imprisonment of twenty years on the rape conviction and five years on the burglary conviction, with the sentences to be consecutively served in the custody of the Mississippi Department of Corrections. (Resp't Mot. to Dismiss, Ex. A). The Mississippi Court of Appeals affirmed Petitioner's convictions and sentences on appeal. *Davis v. State*, 910 So.2d 1228 (Miss. App. 2005) (Cause No. 2004-KA-01009-COA). On August 25, 2010, Petitioner signed an "Application for Leave to Proceed in the Trial Court" and filed it with the Mississippi Supreme Court, seeking permission to file a

1

motion for post-conviction collateral relief in the circuit court. (*See* Resp't Mot. to Dismiss, Ex. D). The court dismissed the motion as time-barred on October 23, 2010. (*See id.*, Ex. E) (Cause No. 2010-M-01401).

On September 30, 2011, Petitioner, through counsel, filed a "Motion for Post-Conviction DNA Testing" in the Mississippi Supreme Court. (*See id.*, Ex. F). In that motion, Petitioner alleged that a rape kit was performed on the victim at the time of the crime in 2000, but that police did not investigate the case until two years later. (*Id*. at 4). When the rape kit was ultimately sent in for testing in 2003, it had become degraded and analysts were unable to develop a usable DNA sample from the kit. (*Id*. at 5). Petitioner alleged that advances in DNA testing since 2003 make it probable that probative results could be obtained if the material were to be retested. (*Id*. at 11-12). On February 8, 2012, the court found the motion for DNA testing exempted from the State's time and successive writ bars and ordered that Petitioner could proceed with his motion in the trial court. (*See id.*, Ex. G).

On or about September 13, 2011, Petitioner filed a federal habeas petition in the United States District Court for the Southern District of Mississippi, and the petition was transferred to this Court on December 5, 2011. (*See* doc. entry nos. 1, 4, 5). In the instant petition, Petitioner raises three grounds for relief, two of which directly relate to the absence of DNA evidence at his trial. (*See* doc. entry no. 1). The third ground for relief relates to witness testimony, which the Court assumes is an challenge to the accuracy of the victim's testimony offered against Petitioner at trial.[1] On May 4, 2012, Respondent filed a motion to dismiss the present petition, to which

---

[1] Petitioner claims that the testimony "was no good," but fails to expound on that argument further. (See doc. entry no. 1, 9).

Petitioner failed to respond. On July 25, 2012, Magistrate Judge Virden entered an order allowing Petitioner twenty-one days to amend his petition to delete the clearly unexhausted claims and supplement the factual basis of his witness testimony claim. Petitioner did not opt to amend the petition.

## Law and Analysis

The instant petition is subject to the exhaustion requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254(b)(1) and (c). Under the exhaustion provisions of the statute, applicants seeking federal habeas relief must first exhaust all of their claims in state court prior to filing for federal habeas relief. *See id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A claim is exhausted "when the substance of the federal habeas claim has been fairly presented to the highest state court." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). Pursuant to § 2254(c), a petitioner has failed to exhaust available remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." If a federal habeas petition contains claims not exhausted in state court, a federal court generally must dismiss the petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Petitioner has been granted leave to proceed in the trial court on his request for DNA testing, and he has made no allegation in his federal petition that the State court remedies are unavailable or inadequate. *See* 28 U.S.C. § 2254(b)(1)(B). Therefore, his federal habeas petition cannot proceed as he has failed to exhaust his claims as they relate to the challenged DNA evidence.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that it is appropriate, in

3

some "limited circumstances," for a federal court to stay a habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to litigate his unexhausted claims in state court before returning to federal court to obtain review. *Id*. at 276-77. The Court noted frequent use of "stay and abeyance," however, "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal habeas petition." *Id*. at 277. Therefore, before a federal court enters a stay and "effectively excuses" a petitioner's failure to exhaust his claims, the court should first determine that "good cause" exists for Petitioner's failure to first present his claim in state court. *Id*. Petitioner filed the instant petition less than a month before he filed for relief in State court, and the Court is not aware of any reason it should find good cause for Petitioner's failure to first exhaust his claims there.

Moreover, the dismissal of the instant petition will not jeopardize the timeliness of any future habeas petition relevant to his DNA claims, because the federal statute of limitations is tolled while any properly filed application for post-conviction relief is pending. *See* 28 U.S.C. § 2244(d)(2). Therefore, Petitioner will have sufficient time to proceed with another federal habeas action should he diligently seek relief at the State court level be denied.

Therefore, the Court **ORDERS** that Respondent's motion to dismiss be **GRANTED**, and the petition for writ of habeas corpus be **DISMISSED** without prejudice for Petitioner's failure to exhaust his claims. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, this Court must issue or deny a certificate of appealability at the time it enters a final order against Petitioner. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. 2253(c)(2) (authorizing a certificate of appealability only where the petitioner makes "a substantial showing of the denial of a constitutional right"). A final judgment in accordance with this memorandum opinion and order shall issue today.

   **THIS** the 24th day of August, 2012.

               <u>Michael P. Mills</u>
               **CHIEF JUDGE**
               **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF MISSISSIPPI**